IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BOBBY E. RODDY,

Petitioner,

v.                                  CIVIL ACTION NO. 2:15cv26
                                    (Judge Bailey)

MARVIN PLUMLEY,

Respondent.

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254

### I. Introduction

On April 9, 2015, Bobby Roddy [hereinafter referred to as "Petitioner"], a state prisoner, filed a *pro se* pleading which was docketed as a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. ECF No. 1. That same date, Petitioner was sent a Notice of Deficient Pleading. ECF No. 2. On April 24, 2015, Petitioner filed his § 2254 petition on this court's approved form [ECF No. 5] as well as an Application to proceed without prepayment of fees with supporting documents. ECF Nos. 6, 7. On April 29, 2015, Petitioner was granted leave to proceed *in forma pauperis*. ECF No. 8. On May 18, 2015, an Order to Show cause was issued [ECF No. 11], and on June 15, 2015, Respondent filed a Response, First Motion to Dismiss and Memorandum in Support. ECF. Nos. 14-16. On June 17, 2015, a Roseboro Notice was issued. ECF No. 17. On June 22, 2015, Petitioner filed a Memorandum of Law in support of his Petition. ECF No. 19. On June 29, 2015, Petitioner filed a Memorandum of Law and Objections to Respondent's First Motion to Dismiss. ECF No. 22. On July 8, 2015, Petitioner filed a Response to the Roseboro Notice. ECF No. 23.

### II. Factual Background

The petitioner is currently incarcerated at Huttonsville Correctional Center ["HCC"], serving two consecutive sentences of 5-15 years after pleading guilty to two counts of sexual abuse by a parent, guardian or custodian in the Circuit Court of Mingo County, West Virginia in June of 1999. His current projected release date is August 23, 2015.

### III. Petitioner's Federal Habeas Corpus Claim

In his petition for habeas corpus relief, Petitioner alleges that his constitutional rights have been violated since March 27, 2014, the date his sentence should have been discharged. For relief, Petitioner wants his "100% full unconditional Release/Discharge from the custody of the West Virginia Division of Corrections and or from the Huttonsville Correctional Center Facility." ECF No. 5, p. 20. In addition, it appears that Petitioner wants felony "federal kidnaping criminal charges" filed against the Unit C Office staff and Warden at the Huttonsville Correctional Center the Commissioner of the West Virginia Division of Corrections, and the Governor of the State of West Virginia. Id. at 27, 30.

### IV. Response to Petition

Respondent maintains that Petitioner has failed to exhaust his available state remedies with regard to his claims. In addition Respondent maintains that Petitioner fails to state a claim on which relief can be granted because the right to good time is bestowed by an act of legislation by the State of West Virginia and not by either the Constitution of the United States or West Virginia.

### V. Petitioner's Reply

Petitioner sets forth a lengthy analysis by which the Division of Corrections is to calculate an inmate's discharge date. Included in this analysis is reference to the restoration of good time that has been forfeited.

### VI. Analysis

2

In reviewing all of the material submitted by both Petitioner and Respondent, it appears that the issue in this case centers around calculation of Petitioner's good time credit. In particular, it appears that Petitioner has a habeas petition pending in Mingo County regarding his criminal conviction. His counsel in that proceeding filed a Motion requesting that Petitioner's good time be recalculated pursuant to West Virginia Code § 28-5-27 which was amended in 2013.[1] On October 10, 2014, the presiding state judge granted the motion and set the matter for hearing on October 21, 2014. ECF. No. 1-4. On October 20, 2014, the circuit judge vacated its order setting the hearing to afford the respondent (Marvin Plumley) and opportunity to respond to the motion to recalculate good time credits. ECF No. 1-5. On January 7, 2015, the circuit judge entered an order interpreting Petitioner's motion as Writ of Mandamus and transferred the matter to the Kanawha County Circuit Court. ECF No. 1-6. On February 27, 2016, the Circuit Court of Kanawha County entered an Order refusing the transfer and dismissing the matter because it did not have jurisdiction to receive and decide a portion of a case filed in Mingo County. ECF No. 1-7. Thereafter, the Circuit Court of Mingo County entered an Oder on April 1, 2015, dismissing Petitioner's Motion of Recomputation of Good Time due to lack of jurisdiction. ECF. No. 16-5.

Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. §2254(b). The petitioner bears the burden of proving exhaustion. See Beard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v. Evatt,

---

[1] It would appear that Petitioner believes that all good time credits that were taken from him during the years of his incarceration must be restored to him pursuant to W.Va. Code § 28-5-27(j) which provides:
> In order to ensure equitable good time for all current and future inmates...all good time shall be computed according to this section and all previous computations of good time under prior statutes or rules are void. All inmates who have previously forfeited good time are hereby restored to good time computed according to this section and all inmates will receive a new discharge date computed according to this section.

3

105 F.3d 907. 911 (4th cir. 1997). A habeas petitioner has not exhausted his remedies available with the State if he has the right under the law of the State to assert, by any available procedure, the question presented.

Here, Petitioner may file a writ of mandamus with the Circuit Court of Kanawha County seeking recomputation of his good conduct time. If unsuccessful in circuit court, Petitioner has an available appeal to the West Virginia Supreme Court of Appeals. Therefore, petitioner has State remedies available to him, and this § 2254 petition must be dismissed as unexhausted.

In addition, to the extent Petitioner wants "federal kidnaping criminal charges" filed against various state employees, such relief is never available. As a private citizen, the petitioner "has no judicially cognizable interest" in the criminal prosecution of another. Otero v. United States Attorney Gen., 832 F.2d 1141 (11th Cir. 1987) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)); see also Cok v. Costentino, 876 F.2d 1, 2 (1st Cir. 1988) (a private citizen has no authority to initiate a criminal prosecution); Sattler v. Johnson, 857 F.2d 224, 226-27 (4th Cir. 1988) (private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted.) Thus, this court has no authority to file criminal charges against an individual, nor can this court direct that criminal charges be filed.

## VI. Recommendation

Based on the foregoing, it is recommended that Respondent's First Motion to Dismiss [ECF No. 15] be **GRANTED** and this matter be **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to renew the same following exhaustion of state remedies. It is further recommended that Petitioner's Motions for Hearings [ECF Nos. 10 & 20] be **DISMISSED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to The Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Recommendation to the plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record by electronic means.

Dated: *August 4, 2015*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE