# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

BOBBY E. RODDY,

    Petitioner,

v.                                                                  CIVIL ACTION NO. 2:15-CV-26
                                                                    (BAILEY)

MARVIN PLUMLEY, Warden,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.    Introduction**

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge John S. Kaull [Doc. 26], filed August 4, 2015. In that filing, the magistrate judge recommends that this Court deny petitioner Bobby E. Roddy's ("Petitioner") 28 U.S.C. § 2254 Motion to Vacate, Set Aside, or Correct Sentence by a Person in State Custody ("§ 2254") [Doc.1], filed April 9, 2015.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R&R were due within fourteen (14) days of receipt of the R&R. Petitioner timely filed his Objections [Civ. Doc. 31] on August 14, 2015. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. This Court will review the remainder of the R&R for clear error.

## II. Background

Petitioner was, at the time he filed his petition, incarcerated at Huttonsville Correctional Center ("HCC"), a West Virginia State Prison located in Huttonsville, WV. Petitioner was discharged by HCC on August 20, 2015, and was transferred to Stevens Correction Center ("SCC") in McDowell County, West Virginia on the same day. He was subsequently released by the West Virginia Division of Corrections on August 23, 2015.[1] Prior to his discharge, Petitioner was serving two consecutive sentences of 5-15 years after pleading guilty to two counts of sexual abuse by a parent, guardian or custodian in the Circuit Court of Mingo County, West Virginia in June of 1999.

As noted above, on April 9, 2015, Petitioner filed a *pro se* pleading which was docketed as a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. 1]. That same date, Petitioner was sent a Notice of Deficient Pleading [Doc. 2]. On April 24, 2015, Petitioner filed his § 2254 petition on this Court's approved

---

[1] This Court communicated by telephone with the HCC and the SCC records departments on September 17, 2015 to confirm the nature of Petitioner's release.

form [Doc. 5] as well as a Motion for Leave to Proceed *in forma pauperis* [Doc. 6; *see also* Doc. 7, in support of that Motion]. Magistrate Judge Kaull granted Petitioner leave to proceed *in forma pauperis* on April 29, 2015 [Doc. 8], then issued an Order to Show Cause on May 18, 2015 [Doc. 11]. In his petition for habeas corpus relief, Petitioner alleges that his constitutional rights have been violated since March 27, 2014, the date he purportedly should have been discharged [Doc. 5 at 6]. Petitioner claimed relief of "100% full unconditional Release/Discharge from the custody of the West Virginia Division of Corrections and or from the Huttonsville Correctional Center Facility," "100% full compensation from [his alleged] March 27, 2014 discharge date up to the release date granted to [him] by this Court" [Id. at 20]. Additionally, Petitioner would seemingly like this Court to order an investigation into the Unit C Office staff and Warden at the Huttonsville Correctional Center, the Commissioner of the West Virginia Division of Corrections, and the Governor of the State of West Virginia, and subsequently order that they be charged with felony "federal kidnaping criminal charges" [Id. at 27, 30].

On June 15, 2015, Respondent filed a Response, First Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted, and a Memorandum in Support [Docs. 14-16]. Respondent maintains that because Petitioner has failed to exhaust his available state remedies with regard to his claims, pursuant to § 2254(b)(1), Petitioner's instant claim must be dismissed [Doc. 16 at 2-3]. Respondent also contends that Petitioner fails to state a claim on which relief can be granted because the right to good time is bestowed by an act of legislation by the State of West Virginia and not by either the Constitution of the United States or West Virginia [Id. at 3-5].

On June 17, 2015, a ***Roseboro*** Notice was issued, and Petitioner was directed to responded within twenty-one (21) days [Doc. 17]. Petitioner filed a Memorandum of Law in support of his Petition and a Motion for Hearing with regards to the same on June 22, 2015 [Docs. 19-20]. He then filed a Memorandum of Law and Objections to Respondent's First Motion to Dismiss on June 29, 2015 [Doc. 22]. On July 8, 2015, Petitioner filed a Response to the ***Roseboro*** Notice [Doc. 23]. In his Reply, Petitioner sets forth a detailed analysis, which he alleges is the formula that the West Virginia Division of Corrections must use to calculate an inmate's discharge date; he also alleges that this formula supports his claims [Doc. 22]. Included in this analysis is reference to the restoration of good time that has been forfeited [Id.].

Petitioner subsequently filed objections to the Magistrate Judge's R&R on August 14, 2015 [Doc. 31].[2] In his objections, Petitioner raises substantively the same issues that he argued in his initial Habeas Corpus petition and other filings. Therefore, this Court will consider his objections as objections to the entirety of the R&R, and will conduct a *de novo* review of the R&R.

## III. Analysis:

In reviewing the substantial volume of material that has been submitted by both Petitioner and Respondent, this Court believes, from a review of the substantive law issues, that the central issue pertains to the calculation of Petitioner's good time credit.

---

[2] Despite Petitioner's contentions to the contrary, this Court does not believe that Magistrate Judge Kaull became "really mad" or became otherwise impartial at any point during his consideration of Petitioner's claims or during the time when he scribed the instant R&R [Doc. 31 at 1-2].

However, from a procedural standpoint, it appears that Petitioner has a habeas corpus petition pending in Mingo County regarding his criminal conviction. His counsel in that proceeding filed a Motion requesting that Petitioner's good time be recalculated pursuant to West Virginia Code § 28-5-27 which was amended in 2013 [Doc. 5].[3] On October 10, 2014, the presiding state judge granted the motion and set the matter for hearing on October 21, 2014 [Doc. 1-4]. On October 20, 2014, the circuit judge vacated its order setting the hearing to afford the respondent, Marvin Plumley, an opportunity to respond to the motion to recalculate good time credits [Doc. 1-5]. On January 7, 2015, the circuit judge entered an order interpreting Petitioner's motion as Writ of Mandamus and transferred the matter to the Kanawha County Circuit Court [Doc. 1-6]. On February 27, 2015, the Circuit Court of Kanawha County entered an Order refusing the transfer and dismissing the matter because it did not have jurisdiction to receive and decide a portion of a case filed in Mingo County [Doc. 1-7]. Thereafter, the Circuit Court of Mingo County entered an Order on April 1, 2015, dismissing Petitioner's Motion of Recomputation of Good Time due to lack of jurisdiction [Doc. 16-5]. From the record, it does not appear that Petitioner has appealed that finding or has otherwise pursued other state legal recourse mechanisms.

---

[3] It would appear that Petitioner believes that all good time credits that were taken from him during the years of his incarceration must be restored to him pursuant to W.Va. Code § 28-5-27(j) which provides:
> In order to ensure equitable good time for all current and future inmates...all good time shall be computed according to this section and all previous computations of good time under prior statutes or rules are void. All inmates who have previously forfeited good time are hereby restored to good time computed according to this section and all inmates will receive a new discharge date computed according to this section.

5

Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b). A given petitioner bears the burden of proving exhaustion. See *Beard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). A habeas petitioner has not exhausted his remedies available with the State if he has the right under the law of the State to assert, by any available procedure, the question presented. See 28 U.S.C. § 2254(b). Here, Petitioner may file a writ of mandamus with the Circuit Court of Kanawha County seeking re-computation of his good conduct time. If unsuccessful in circuit court, Petitioner has an available appeal to the West Virginia Supreme Court of Appeals. Therefore, petitioner has State remedies available to him, and this § 2254 petition must be dismissed as unexhausted. Furthermore, given that Petitioner has already been released from West Virginia State custody, it appears to this Court that the primary remedy sought by Petitioner is moot.

To the extent that Petitioner seeks an order from this Court ordering that the federal government conduct an investigation and ultimately lodge various "federal kidnaping criminal charges" filed against the state employees that he names, such relief is never available. As a private citizen, Petitioner "has no judicially cognizable interest" in the criminal prosecution of another. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); see also *Sattler v. Johnson*, 857 F.2d 224, 226-27 (4th Cir. 1988) (finding that a private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted.) Thus, this Court has no authority to order another branch of the Federal Government to file criminal charges against an individual, nor can this Court direct that

criminal charges be filed.

## IV. Conclusion

Upon careful review of the record, this Court hereby **ADOPTS** Magistrate Judge Kaull's Report and Recommendation **[Civ. Doc. 26]** and Petitioner's Objections **[Civ. Doc. 31]** are hereby **OVERRULED**. As such, Respondent's Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted **[Civ. Doc. 15]** is hereby **GRANTED**. Petitioner's Motion Under 28 U.S.C. § 2254 to Vacate, Set Aside, or Correct Sentence by a Person in State Custody **[Civ. Docs. 1, 5]** is hereby **DENIED** and **DISMISSED WITH PREJUDICE**. This Court also orders that Petitioner's Motion to Set a Full Hearing on this Habeas Corpus Proceeding **[Civ. Doc. 10]** and Motion for Hearing **[Civ. Doc. 20]** are **DENIED AS MOOT**. Accordingly, this matter is **ORDERED STRICKEN** from the active docket of this Court. The Clerk is **DIRECTED** to enter separate judgment in favor of Respondent.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** Petitioner a certificate of appealability on the dismissed claims, finding that he has not made "a substantial showing of the denial of a constitutional right" on those claims. 28 U.S.C. § 2253(c)(2). Therefore, this Court **DENIES** the petitioner leave to present these theories to the appellate Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the pro se Petitioner.

**DATED:** September 18, 2015.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE